GARRISON, Judge.
Plaintiff, Sears, Roebuck and Company, filed a suit on a revolving charge account against defendants Robert and Marguerite Redwine for amounts allegedly owed for home improvement work performed on defendants’ home by plaintiff. In 1985, the defendants contracted with plaintiff to perform work on defendants’ home located at 4607 Perrier Street in New Orleans. This lawsuit resulted from differing interpretations by the parties of the written agreements executed prior to the commencement of the home improvement work.
The documents signed by the defendants indicate that the total price for the services to be performed by the plaintiff was $4,487.00. The defendants made a down payment of $2,087.00 leaving an unpaid balance of $2,400.00. The defendants understood this agreement to mean that the unpaid balance would become due upon completion of the work by plaintiff. They claim that they signed a Sears credit application only because the Sears estimate and proposal form specified that “if this is a credit sale or payment on completion sale, it must be also approved by the credit department.” Therefore, they only signed this application to authorize Sears to investigate their credit records and to proceed with the home improvement work. Defendants’ main argument in this case is that *561 they do not owe plaintiff for the unpaid balance because the home improvement work was never completed.
On the other hand, the plaintiff argues that in signing the Sears individual credit account application, the defendants agreed to open a revolving charge account and to be subject to the terms and conditions of same. Edward Livingston, the collection manager for Sears, testified at trial that Sears’ position is that the signing of the front of the credit application by defendants also bound them to the terms of the consumer credit sale disclosure statement on the back of the application even though the acknowledgment under that statement was not signed by the defendants. Therefore, according to Sears, the defendants agreed to finance the balance of $2,400.00 and owed monthly payments which were not made despite repeated demands by Sears.
After trial in this matter, the First City Court judge rendered judgment in favor of plaintiff and against defendants for $2,400.00 plus interest from date of judicial demand and for all costs of these proceedings. The trial judge issued reasons for judgment in which he stated that he found a definite agreement as to all substantial elements of the contract between the parties and no misunderstanding as to the nature of the contract. The trial judge disagreed with the defendants’ contention that plaintiff is attempting to enforce a financing contract between them which does not exist. He disagreed with that contention because he found that the defendants had the option of paying off the balance of the contract upon completion or charging the balance on a revolving charge account. The judge found that the defendants failed to pay off the balance so the plaintiff granted them the credit option. The defendants now appeal the First City Court judgment.
Appellee’s ease consisted of the testimony of one of the defendants, Marguerite Redwine, and Sears’ collection manager, Edward Livingston, as well as the introduction of documents executed by the parties prior to the commencement of work on the appellants’ home. At no time during appel-lee’s case was any evidence presented to show that the home improvement work in question was completed. When appellants attempted to offer testimony on this issue by Mr. Redwine, the appellee objected on the grounds that such testimony would constitute an enlargement of the pleadings and the trial judge sustained the objection. The appellants argue that the trial judge erred in sustaining that objection.
Contrary to appellee’s assertions, the appellants did raise the issue of whether the work in question was completed in their answer and in their dilatory exceptions of prematurity and want of amicable demand. Furthermore, the appellee promised to present evidence as to whether the work in question was completed in its opposition to appellants’ dilatory exceptions. Therefore, the trial judge erred when he sustained appellee’s objection to the introduction of Mr. Redwine’s testimony on the issue of whether or not the work was completed on the grounds that this testimony constituted an enlargement of the pleadings.
The documents introduced by appel-lee do not support its contention that appellants agreed to have their unpaid balance financed under a revolving charge account agreement. The section of the application which authorizes financing through a credit plan agreement was not signed by appellants and appellee’s contention that the appellants’ signature on the other side of the application bound them to the terms of the unsigned credit sale agreement on the back of the application is not supported by any evidence in the record. Additionally, on the Sears sales check (Plaintiff’s Exhibit 3), a section where Sears could have indicated that this sale was being financed through a revolving charge account agreement was left blank.
In an attempt to prove appellants’ intention to pay their unpaid balance through a revolving charge account, appellee cites a letter written by appellant Robert Redwine to Sears three months after contracting with Sears for the performance of home improvement work. In that letter, Mr. Redwine stated that the unpaid balance for *562 the work was to be financed over forty-eight months. However, later in that same letter, he quoted the salesman with whom he negotiated his contract as saying that no payments would become due until four months after the work was completed. Mr. Redwine then advised Sears that he had “no intention of making any payments or incurring any finance charges until four months after the work is completed and all claims are settled.”
In any event, this reference to financing by Mr. Redwine is not dispositive of the issue of whether or not the appellants agreed to pay their balance through a revolving charge account. This is so because the appellants admit that they have always had the option of financing their unpaid balance if they chose not to pay the entire balance upon completion of the job.
The trial court finding that the appellants had the option to pay off the balance of the contract “upon completion’’ but failed to do so is without basis in the record because the appellee failed to offer any evidence on the pivotal issue of whether or not the home improvement work- in question was completed. The evidence established that in a payment on completion sale[1], no balance is due until the job is completed.
Appellants agree that an open account exists and that, once the work in question is completed, the account will mature and the balance will become due. However, the evidence does not support the trial court finding that appellants agreed to financing through a revolving charge account.
Furthermore, even if a revolving charge account exists in this case, that fact alone does not determine liability for the charges. If the job was not completed, the appellants do not owe the charges. When Sears decided to sue to recover those charges, it was required to prove that the work was completed. Because this was not done and because testimony from Mr. Redwine on this issue was not allowed, the trial court judgment is hereby vacated and this case is remanded to the trial court for a hearing to determine whether the work in question was completed. All other issues raised by the appellants are pretermitted at this time.
JUDGMENT VACATED; CASE REMANDED.

. Mr. Livingston testified that Sears did not offer "payment on completion” sales until 1988; however, the defendants testified that they had done a “payment on completion” sale with Sears in 1984 for previous home improvements.